IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAUN DAVID ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-9 J |
| | ) | District Judge Kim R. Gibson |
| v. | ) | Chief Magistrate Judge Maureen P. Kelly |
| | ) | |
| SUPERINTENDENT CAMERON, DEPUTY | ) | |
| J. CLOSE, DEPUTY HOLLIBAUGH, | ) | |
| MAJOR MORRIS, MAJOR BARROWS, | ) | |
| CAPTAIN RYDBUM, CAPTAIN MILLER, | ) | |
| LT. KELLY, LT. GLASS, EXTRACTION | ) | |
| TEAM # 1, EXTRACTION TEAM # 2, LT. | ) | |
| JONES, SGT. CASHER, SGT. PORTIA, C/O | ) | |
| MARTIN, C/O MCCLEARY, C/O PARKS, | ) | |
| NURSING STAFF, and ALL | ) | |
| CORRECTIONAL OFFICERS, | ) | Re: ECF No. 42 |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

Plaintiff Shaun David Adams ("Plaintiff"), is an inmate in the custody of the Pennsylvania Department of Corrections, and is currently incarcerated at the State Correctional Institution ("SCI") at Camp Hill.  Plaintiff brings this civil rights action against a number of Defendants alleging that in January of 2014, while Plaintiff was housed at SCI Houtzdale, Defendants violated his rights provided by the First, Eighth, and Fourteenth Amendments to the United States Constitution relative to a cell extraction and Plaintiff's subsequent confinement in a cell without any clothing or bedding.

Presently before the Court is a Motion to Dismiss filed by Defendants.  ECF No. 42.  For the following reasons, it is respectfully recommended that the Motion be granted in part and denied in part.

## II. REPORT

### A. FACTUAL AND PROCEDURAL BACKGROUND

As indicated above, Plaintiff's complaints largely revolve around a cell extraction that took place on January 7, 2014, and his subsequent confinement in a cell without clothing, a mattress or a blanket. More specifically, Plaintiff alleges that while he was housed in the Restricted Housing Unit at SCI Houtzdale, he covered the door and windows of his cell which precipitated his having to be extracted from his cell. ECF No. 41 ¶¶ 1-3. Plaintiff contends that during the course of the extraction, he was excessively sprayed with Oleoresin Capsicum ("OC") spray, or pepper spray, which puddled on the floor and that a member of the Extraction Team put Plaintiff's face in the puddles. Plaintiff also alleges that the Extraction Team attempted to murder him by suffocating him in the spray. Id. ¶¶ 4, 5.

In addition, Plaintiff alleges that after he was decontaminated from the OC spray and seen by the medical department, he was eventually placed back in his cell, which still had lingering fumes from the OC spray, and was deprived of his clothes. Id. ¶¶ 6, 8. Plaintiff contends that the mattress and blanket were also removed from his cell forcing him to sleep either on the concrete floor or the metal bed frame while in the nude. Id. ¶ 9.

Plaintiff apparently covered the door to his cell again on January 8, 2014, and had to be extracted from his cell a second time, following which Plaintiff was placed in another cell in the nude without any bedding. Id. ¶¶ 14, 15, 18. Although Plaintiff avers that he was given a smock on January 14, 2014, he claims he continued to be denied a mattress and blanket and was subsequently moved to a hard cell. Id. ¶¶ 20-23.

Plaintiff initiated this suit on January 11, 2016, by filing a Motion for Leave to Proceed *in forma pauperis*. ECF No. 1. Plaintiff's Motion was granted on January 13, 2016, and the

Complaint was filed on that same date. ECF Nos. 2, 3. Plaintiff filed an Amended Complaint on March 25, 2016, ECF No. 32, and, in response to a Motion to Dismiss subsequently filed by Defendants, Plaintiff, with leave of Court, filed a second Amended Complaint on June 10, 2016. ECF No. 42. In the second Amended Complaint, which remains the operative complaint, Plaintiff brings a claim pursuant to the Eighth Amendment of the Constitution regarding conditions of confinement relative to his allegedly being confined to a cell in the nude for seven days and, arguably, a claim for being placed in a cell without running water and an unsanitary cell that had urine and feces on the commode. Plaintiff also brings an Eighth Amendment excessive force claim alleging that Defendants' use of OC spray during the initial cell extraction was excessive. Finally, Plaintiff has brought a claim for retaliation pursuant to the First Amendment.

Defendants filed a second Motion to Dismiss Plaintiff's Amended Complaint on June 24, 2016, to which Plaintiff responded on July 18, 2016. ECF Nos. 42, 49. As such, Defendants' Motion is ripe for review.

### B. STANDARD OF REVIEW

In assessing the sufficiency of a complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See California Pub. Empl. Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), *citing* Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp.

v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id., *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). See Phillips v. Cty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

**C.  DISCUSSION**

As previously discussed, Plaintiff has brought conditions of confinement and excessive force claims against Defendants pursuant to the Eighth Amendment and a claim for retaliation under the First Amendment. As a preliminary matter, the Court notes that Plaintiff has conceded that his retaliation claim is properly dismissed and thus Defendants' Motion in this regard is properly granted. ECF No. 49 at 2.

The Court also notes that Defendants have not sought dismissal of Plaintiff's Eighth Amendment claim relative to his being confined in a cell without any clothes or bedding for a week and therefore that issue has not been addressed here and remains viable.

In addition, although not addressed by Defendants, likely because it is not at all clear from the Amended Complaint that Plaintiff intended to bring a conditions of confinement claim relative to the lack of running water and unsanitary conditions in two different cells in which he

4

was placed, the Court nevertheless finds that Plaintiff has failed to state a claim in this regard. See ECF No. 41 ¶¶ 7, 23. What is clear from the Amended Complaint is that Plaintiff had been decontaminated from the OC spray and seen by the medical staff before being placed in the cell without running water and thus his claim of having to flush his eyes using toilet water appears to be without merit. Id. ¶¶ 6, 7. More importantly, however, it appears that Plaintiff was promptly removed from the cell after he complained about the lack of running water and thus is unable to establish that Defendants were deliberately indifferent to his well-being. Id. ¶¶ 7, 8. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997) (to establish a conditions of confinement claim the prisoner must show that the prison official acted with a sufficiently culpable state of mind or deliberate indifference). See also Rodriguez v. Baeli, 2011 WL 42998, at *1 (D.N.J. Jan. 5, 2011), *quoting* Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985) ("[a] pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents); Moore v. Shaw, 2005 WL 1514181, at *3 (D.N.J. June 27, 2005), *quoting* Bell v. Wolfish, 441 U.S. 520, 542 (1979) ("conditions of imprisonment do not generally reach the threshold of constitutional concern until a showing is made of 'genuine privations of hardship over an extended period of time'").

Further, to the extent Plaintiff alleges he was placed in an unsanitary cell on January 14, 2014, he does not claim or allege any facts to suggest that Defendants were deliberately indifferent to his health or safety but rather claims only that Defendant Casher simply failed to check before placing Plaintiff in the cell. Id. ¶ 23. Indeed, Plaintiff has alleged no facts from which it can be inferred that any of the Defendants were aware of the unsanitary conditions before Plaintiff was placed in the cell, how long Plaintiff was confined to the cell or that he suffered any harm as a result. Id. Under these circumstances, to the extent Plaintiff claims his

rights provided by the Eighth Amendment were violated by being placed in these two cells, those claims should be dismissed.

Finally, Plaintiff has named Deputy Mazurkiewicz as a Defendant in this case who had not yet been served at the time Defendants filed the instant Motion. See ECF No. 43 at 1 n.1. Review of the Amended Complaint nevertheless shows that Plaintiff has failed to state a claim against Defendant Mazurkiewicz. The only specific claims against Mazurkiewicz are that he was the Superintendent at SCI Rockview in 1996 and had his subordinates harass Plaintiff by sending him to a psychiatric observation cell and treating him with psychiatric medication and that Mazurkiewicz threatened Plaintiff by stating that that Plaintiff would die by electrocution.[1] Plaintiff therefore has not only failed to state a claim against Mazurkiewicz but his claims are clearly untimely.

This having been said, the Court need only address the arguments that Defendants have set forth in their Motion to Dismiss regarding the supervisory Defendants' lack of personal involvement and whether Plaintiff has otherwise stated an Eighth Amendment excessive force claim.

### 1. Personal Involvement

Defendants argue that Plaintiff's claims brought against Defendants Cameron, Close, Hollibaugh, Morris, Barrows, Rydbum, Miller, Kelly, Glass and Jones should be dismissed because Plaintiff seeks to hold them liable merely because they hold supervisory positions and that Plaintiff has not alleged fact showing that they were personally involved in the events giving rise to Plaintiff's claims.

---

[1] To the extent that Plaintiff has alleged other facts pertaining to Mazurkiewicz they appear to revolve around Plaintiff's claims of retaliation which Plaintiff has conceded should be dismissed. ECF No. 41 ¶¶ 38, 40.

It is well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." Baraka v. McGreevey, 481 F.3d 187, 210 (3d Cir. 2007). See Evanchco v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005), *quoting* Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("'[an individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*'"). Supervisory liability will be found under one of several theories including where he or she directly "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." Plouffe v. Cevallos, 2012 WL 1994785, at *4, *quoting* Santiago v. Warminster Tp., 629 F.3d 121, 129 n.5. (3d Cir. 2010). See Argueta v. U.S. Immigration and Customs Enforcement, 643 F.3d 60, 72 (3d Cir. 2011). See also Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988) ("[a]llegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity" such as stating time, place and persons responsible).

Here, contrary to Defendants' argument, Plaintiff has repeatedly alleged in the Amended Complaint that Cameron, Hollibaugh, Morris, Barrows, Rydbum, Miller, Kelly, Glass, Jones, and Close were not only aware of, and acquiesced to, leaving Plaintiff nude in his cell without any bedding from January, 7, 2014 through January 14, 2014, but that they, in fact *ordered* that Plaintiff be so confined. ECF No. 41 ¶¶ 18, 29, 30, 32, 34. Plaintiff therefore has sufficiently alleged that the supervisory Defendants were personally involved in the alleged underlying constitutional violations and Defendants' Motion to Dismiss in this regard is properly dismissed.

### 2. Eighth Amendment Excessive Force Claim

Plaintiff purports to bring an Eighth Amendment excessive force claim in the Amended Complaint alleging that Defendants Miller and Jones approved the use of OC spray on January 7, 2014, while Plaintiff was being extracted from his cell for covering the windows and doors. Id. ¶¶ 3, 14, 15. Plaintiff alleges that during the incident the Extraction Team sprayed Plaintiff excessively causing the OC spray to puddle on the floor of his cell and that one of the officers on the Extradition Team, who has yet to be identified, placed Plaintiff's face in the puddles while putting a spit hood on Plaintiff's head. Id. ¶ 4.[2] Plaintiff also generally contends that the Extraction Team attempted to murder Plaintiff by suffocating him with OC spray. Id. ¶ 5.

As pointed out by Defendants, the United States Court of Appeals for the Third Circuit has held that:

> [the] use of tear gas is not "a per se violation of the Eighth Amendment...." *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir.1984). Rather, "[t]he use of mace, tear gas or other chemical agent of the like nature when reasonably necessary to prevent riots or escape or to subdue recalcitrant prisoners does not constitute cruel and inhuman punishment." *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir.1984). *See also Michenfelder v. Sumner*, 860 F.2d 328, 336 (9th Cir.1988) (policy allowing use of taser guns on inmate who refused to submit to a strip search does not constitute cruel and unusual punishment); *Spain v. Procunier*, 600 F.2d 189, 195 (9th Cir.1979) (the use of tear gas "in small amounts may be a necessary prison technique if a prisoner refuses after adequate warning to move from a cell or upon other provocation presenting a reasonable possibility that slight force will be required."); *Clemmons v. Greggs*, 509 F.2d 1338, 1340 (5th Cir.1975) (the use of tear gas when reasonably necessary to subdue recalcitrant prisoners does not violate the Eighth Amendment).

Passmore v. Ianello, 528 F. App'x 144, 147-48 (3d Cir. 2013).

---

[2] Although Plaintiff alleges that he had to be extracted from his cell a second time on January 8, 2014, having again covered the widows of his cell door, it is clear from the Amended Complaint as well as Plaintiff's responsive brief that his claim relative to the use of force and/or excessive OC spray revolves solely around the first extraction on January 7, 2014. ECF No. 41 ¶¶ 4, 15; ECF No. 49 at 8, 11.

8

In this case, Plaintiff appears to acknowledge that the mere use of OC spray, and/or simply approving its use during a cell extraction, which by its very nature suggest that a certain amount of force is necessary, does not run afoul of the Eighth Amendment. Indeed, in his responsive brief, Plaintiff also quotes the above passage from Passmore v. Ianello, and states that he "is *not* claiming that the use of O.C. spray violated his United States constitutional rights under the (8) Eighth Amendment excessive force claim," and that the claim should be dismissed as to Defendants Miller, Jones and Casher. ECF No. 49 at 11 (emphasis added). Rather, Plaintiff asserts that his excessive force claim revolves solely around "the acts of the members of the cell extraction team #1 (i.e. "John Doe") in placing [Plaintiff's] face in the puddles of OC spray that gathered on the floor." Id. Thus, it is not the mere use of the OC spray of which Plaintiff complains but the fact that greater amounts were used than necessary and that his face was placed in a puddle of the OC spray while a spit hood was being put on his head. It therefore cannot be said at this juncture that that Plaintiff has failed to state a claim for excessive force against the Extraction Team and/or the individual member of the Extraction Team that put Plaintiff's face in the puddle. Under these circumstances, Defendants' Motion, to the extent they seek dismissal of Plaintiff's excessive force claim will be granted as to all Defendants other than the so far unidentified members of the Extraction Team.

D.  **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Defendants' Motion to Dismiss, ECF No. 42, be granted in part and denied in part. Specifically, it is recommended that the Motion be granted as to Plaintiff's First Amendment retaliation claim and Plaintiff's Eighth Amendment excessive force claim as to all Defendants except the members of the Extraction Team. The Motion should be denied in all other respects.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: February 1, 2017

cc: Shaun David Adams
GW-1461
SCI Camp Hill
P.O. Box 8837
2500 Lisburn Road
Camp Hill, PA 17001-8837

All counsel of record via CM/ECF